**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IVELISSE G. RODRIGUEZ and | ) | |
| WILFREDO RODRIGUEZ, | ) | |
| individually and on behalf of the classes | ) | |
| defined herein, | ) | 08 C 1723 |
| | ) | |
| plaintiffs, | ) | Judge Coar |
| | ) | |
| vs. | ) | Magistrate Judge Mason |
| | ) | |
| CAPITAL ONE HOME LOANS, LLC; | ) | |
| HSBC MORTGAGE SERVICES, INC.; | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS; and | ) | |
| DOES 1-5, | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

## AMENDED COMPLAINT - CLASS ACTION

### INTRODUCTION

1.      Plaintiffs, on behalf of themselves and the classes defined below, bring

this action for rescission of a "subprime" mortgage loan and damages for multiple violations of

the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve

Board Regulation Z, 12 C.F.R. part 226.  Plaintiffs also sue for damages resulting from racial

and/or ethnic discrimination in mortgage lending, in violation of the Civil Rights Act, 42 U.S.C.

Sect. 1981, the Fair Housing Act, 42 U.S.C. Sect. 3601, et seq. ("FHA") and the Equal Credit

Opportunity Act, 15 U.S.C. Sect. 1691, et seq.  ("ECOA").

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 15 U.S.C. §1640 (TILA) and 1367 (supplementary jurisdiction).

3.     Defendants transact business in the District and are deemed to reside here.

## PARTIES

4.     Plaintiffs Ivelisse and Wilfredo Rodriguez own and reside in a home with their four daughters at 4618 West Dickens Avenue, Chicago, Illinois, 60439.  They are high-school educated, ordinary consumers.  Plaintiffs are Hispanic or Latino.

5.     Defendant Capital One Home Loans, LLC ("Capital One"), is a corporation with offices located at 7311 West 132nd Street, Suite 300, Overland Park, Kansas, 66213.  On information and belief, it is headquartered in McLean, Virginia.  Capital One is engaged in the business of originating, high-cost, sub-prime, residential mortgage loans.  It does business in Illinois.  In 2006, it made more than 26 loans per year.

6.     Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a corporation that holds title to mortgages, as nominee.  It does business in Illinois.  Its registered agent and office are CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

7.     Defendant HSBC Mortgage Services, Inc. ("HSBC"), is a Delaware Corporation that is engaged in the business of purchasing, holding and servicing sub-prime residential mortgage loans.  It does business in Illinois.  Its registered agent and office are CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL, 60604.

8.     HSBC is the current servicer of plaintiffs' loan.  On information and belief, HSBC is also the legal and/or beneficial owner of plaintiffs' loan.

9.      If HSBC is not the owner of plaintiffs' loan, the current actual owner(s) is/are named as Does 1-5.

**<u>Misleading/Non-Existent Disclosure of Loan Terms</u>**

10.     Prior to January, 2006, plaintiffs had a credit card account with a Capital One affiliate.  On one of the monthly statements that plaintiffs received was an advertisement for account holders to take out a home equity loan with Capital One.  On information and belief, the advertisement mentioned a 7.16% fixed Annual Percentage Rate ("APR") and indicated that plaintiffs had been "pre-approved" for mortgage financing.

11.     When Ivelisse Rodriguez called the phone number given on the account statement on or about January 5, 2006, she reached Ben Jacobs at Capital One, who promised her that he could consolidate and pay off she and her husband's debts and "save them money" on a refinance.

12.     In that conversation, Jacobs took plaintiffs' financial information as well as, on information and belief, ran plaintiffs' credit profiles, then told Mrs. Rodriguez that she and her husband qualified for a loan. At Jacobs' request, plaintiffs later sent documents verifying their income along with a signed authorization to release information.

13.     On information and belief, Jacobs completed plaintiffs' computerized loan application over the phone during the initial conversation.

14.     On or about January 5, 2006, Capital One mailed plaintiffs a package containing preliminary disclosures for a loan (cover letter attached as <u>Exhibit A</u>).

15.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

16.     The loan was closed on or about January 18, 2006.  At that time, plaintiffs jointly owned the home, and both signed the new mortgage, which was in favor of MERS (Exhibit B).

17.     "Closing" occurred as follows.  Plaintiffs received, via Express Mail or other overnight courier, a single set of closing documents with instructions (Exhibit C) to sign them, take specified ones to a notary for notarization, and send the signed documents back to Capital One via overnight courier.  Plaintiffs followed these and other Capital One, written instructions.

18.     No second or duplicate set of closing documents was included in the overnight package for plaintiffs to review and keep for their records.  Referring to these two documents, another written instruction sheet from Capital One told plaintiffs to "retain" the HUD-1 Settlement Statement and a copy of the note (Exhibit D).  The instructions stated that "these are the primary documents of your closing package" and that "you may need to reference these documents" in the future.  (Id.).  In order to view or obtain copies of any other closing documents, plaintiffs had to access Capital One's website within 90 days.

19.     However, only one copy of the note, i.e., the copy plaintiffs were instructed to sign and return, was actually enclosed in the package.  A third, written instruction sheet from Capital One, conflicting with the second, informed plaintiffs that "the note will be forwarded by your loan officer" (Exhibit E).

20.     In fact, plaintiffs never received a copy of their note and, to this day, do not fully know or understand the structure and terms of the loan program Capital One put them in.  On information and belief, plaintiffs have a three-and-a-half year, adjustable rate, interest-only loan with an initial interest rate of 8.99% and an initial APR of 10.76%.

21.    Plaintiffs had web access at the time they obtained the loan but lost it thereafter.  Plaintiffs recently tried to access their closing documents on Capital One's website but were no longer allowed access (Exhibit F).

22.    Besides a truncated copy of a HUD-1 Settlement Statement (Exhibit G), a minimum of three pages of instructions from Capital One (Exhibits C, D and E), and a copy of the ARM Handbook, plaintiffs retained only one other document from the closing package they received, namely, a single, executed copy of a federal Notice of Right to Cancel form (Exhibit H), which was prepared using the wrong form, the Federal Reserve Board's model form H9, as explained below.

23.    Among other documents that were not provided to plaintiffs in a form they could keep was a final TILA Disclosure Statement.

24.    Capital One made plaintiffs a $351,000 loan.  On information and belief, the loan amount was 100% of the value of plaintiffs' home.  In the alternative, Capital One inflated the appraised value of plaintiffs' home.  At this time, plaintiffs do not have the documents that would indicate how much Capital One or its agent appraised their home for.

25.    Plaintiffs' HUD-1 Settlement Statement (Exhibit G) indicates that they were charged $8,527.45 in lender-imposed settlement charges (line 103), including a $300 "Underwriting" fee (line 813), a $250 "Processing" fee (line 814), a $250 "Document Preparation" fee (line 815) and a $275 "Settlement" fee (line 1101).

26.    On information and belief, Capital One gave plaintiffs a loan with a higher interest rate and a higher monthly payment amount than plaintiffs' previous loan.

27.     In addition, Capital One imposed a three-year prepayment penalty on plaintiffs' loan (see Exhibit I), even after plaintiffs requested a one- or a two-year prepayment penalty.

28.     On information and belief, plaintiffs' interest rate is scheduled to enter its adjustable phase next year.  Plaintiffs have struggled to afford the mortgage payment and will certainly be unable to afford the higher payment amounts once the interest rate starts increasing.  As of the date of this filing, plaintiffs are current on payments.

### Discrimination on Account of Race/Ethnicity: Racial Targeting or "Reverse Redlining"

29.     Capital One intentionally and disproportionately targeted plaintiffs for a high cost, predatory loan on account of their race and/or ethnicity.  Capital One has a policy and practice of targeting Latinos, African-Americans and geographical communities where minorities predominate for its high cost, subprime, residential mortgage loans.  This practice is effectuated, in part, through Capital One's direct-mail advertising, marketing and loan origination practices.

30.     Alternatively, Capital One's advertising, marketing, origination and other practices had an adverse, disparate impact on plaintiffs in that they received a predatory, high cost loan because of their race and/or ethnicity or the predominant race/ethnicity of their geographical neighborhood.  Capital One was aware of this impact but continued its lucrative, discriminatory practices anyway.

31.     Home Mortgage Disclosure Act ("HMDA") data reported by Capital One for loans it originated in the Chicago area in 2006, the year in which it originated plaintiffs' loan,

indicate that 100% of Capital One's loans (for which race of borrower was reported) were loans to minorities; not a single loan was made to Caucasian borrowers.

32.      Plaintiffs were qualified for a mortgage loan.

33.      As a result of Capital One's policies and/or practices of targeting or reverse redlining based on race and/or ethnicity, plaintiffs received a loan with a higher APR, higher closing costs and higher total finance charges than they actually qualified for.

34.      There was no legitimate business reason for plaintiffs to have been disproportionately targeted, on account of their race and/or ethnicity, for a high cost, predatory loan.

35.      Alternative advertising, marketing, origination and other business practices existed that would not have resulted in an adverse, disparate impact based on race and/or ethnicity.

36.      Plaintiffs did not discover that they had been targeted and discriminated against until after they met with their current counsel in April, 2008.

37.      Any and all statutes of limitations relating to Capital One's discrimination were tolled under the discovery rule, fraudulent concealment, equitable tolling and other applicable tolling doctrines.

**<u>Subsequent Loan History</u>**

38.      In February, 2006, Capital One notified plaintiffs that it had assigned the servicing rights to the loan to HSBC (<u>Exhibit J</u>).  As a servicer, HSBC claims certain rights in the loan, including the right to receive payments, to report to credit bureaus and to pursue foreclosure as a means of enforcing payment.  HSBC is, therefore, joined as a necessary party.

39.      On information and belief, HSBC also owns plaintiffs' loan (<u>Exhibit K</u>).

7

40.    In the event HSBC does not own plaintiffs' loan, the actual owner(s) is/are named as Does 1-5.  Actual ownership is not a matter of public record.

41.    As the holder of title to the mortgage that resulted from the transaction, MERS also claims certain rights in plaintiffs' loan, including the rights to transfer interests in, and to foreclose on, the mortgage.  Therefore, MERS is joined as a necessary party.

42.    Plaintiffs may amend or add allegations and/or legal claims to their complaint once they receive, through discovery, a complete set of the closing documents they signed for the loan.  At present, these and other documents are in defendants' sole possession and control.

## COUNT I - TRUTH IN LENDING ACT – INDIVIDUAL CLAIM

43.    Plaintiffs incorporate paragraphs 1-42.  This count is against all defendants.  MERS is a necessary party.

## RIGHT TO RESCIND

44.    Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. Sect. 1635 and 12 C.F.R. Sect. 226.23.  Sect. 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed**

for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

## GROUNDS FOR RESCISSION

45.     In connection with the loan, Capital One failed to provide the required financial disclosures, in violation of 15 U.S.C. Sect. 1637, 12 C.F.R. Sect. 226.18 and the corresponding sections of the Official Federal Reserve Board ("FRB") Commentary on Regulation Z, and failed to provide clear and conspicuous notice of plaintiffs' federal right to rescind the loan.

46.     Regulation Z specifically requires that these disclosures be provided to the consumer in a form that he or she can keep.  This applies to transactions any part of which are conducted electronically.

47.     Capital One did not provide plaintiffs with a final TILA Disclosure Statement in a form that they could keep.

48.     Capital One provided plaintiffs with only one federal Notice of Right to Cancel in a form that they could keep (Exhibit H), instead of the four required (i.e., two per mortgagor) by Sect. 226.23(b) (see above).

49.     In addition, the single, paper copy of the federal Notice of Right to Cancel provided to plaintiffs (Exhibit H) was provided using the wrong form, the Federal Reserve Board's H9 form, which is appropriate only when an existing or immediately prior mortgage creditor is providing additional or "increased" credit to the consumer.  Capital One was a new mortgage creditor vis-à-vis plaintiffs, and, therefore, the H8 was the appropriate model form. The H9 was misleading in this context because it states that plaintiffs could only rescind the "increase of credit" when, in fact, they could rescind the entire extension of credit.

50.     Further, the TILA Disclosures and Notice of Right to Cancel were all obfuscated and otherwise rendered less than clear and conspicuous by the combination of Capitol

One's (a) failure to provide plaintiffs with copies of them in a form they could keep and (b) its instructions to plaintiffs that "the primary loan documents" were the note and the HUD-1 Settlement Statement, i.e., not the TILA Disclosures (<u>Exhibit D</u>). In fact, retained TILA Disclosures and Notice of Right to Cancel forms are crucial to the consumers' understanding of the terms of the credit transaction and to their ability to effectively exercise their rights.

51.    Any one of these violations alone entitles plaintiffs to rescind the loan.

52.    Notices of rescission were sent to all defendants on March 22, 2008 (<u>Exhibit L</u>).

53.    The loan has not been rescinded.

54.    Under 15 U.S.C. Sect. 1641(c), the right to rescind may be exercised against "any assignee."

55.    In addition, 15 U.S.C. Sect. 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.    A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.    Refund of all finance charges, as required by TILA rescission;

c.    Statutory damages for failure to rescind, if appropriate;

d.    Attorney's fees, litigation expenses and costs; and

e.    Such other or further relief as the Court deems appropriate.

## COUNT II – TRUTH IN LENDING ACT – CLASS CLAIMS

56.    Plaintiffs incorporate paragraphs 1-55.  This count is against all defendants.  MERS is a necessary party.

57.    Capital One regularly closed residential mortgage refinancing transactions in the manner described above without providing consumers, in a form that they could keep, with (a) the TILA Disclosure Statement or (b) the requisite number of Notice of Right to Cancel forms, (c) while at the same time instructing consumers that "the primary loan documents" were the HUD-1 Settlement Statement and the Note, i.e., not the TILA disclosures.  The instruction sheet in Exhibit D is a standard form document, used by Capital One in thousands of "ghost" closings.

58.    Failing to provide either of these disclosures in a form that the consumer can keep, and suggesting to the consumer that these disclosures are not "primary" to the transaction, violates TILA, Regulation Z and the Official FRB Commentary on Regulation Z.

59.    In addition, on information and belief Capital One frequently used the H9 form in credit situations that called for the H9.  Capital One's H9 (Exhibit H) form is a standard form document.

60.    Use of the wrong model rescission form violates TILA, Regulation Z and the FRB Commentary.

## CLASS ALLEGATIONS

61.    Plaintiffs sue on their own behalf and on behalf of two classes, A and B. Class A consists of (a) all natural persons with Illinois, Indiana and Michigan residences; (b) who entered into a residential mortgage credit transaction with Capital One; (c) in which Capital

One did not provide the TILA Disclosure Statement, the required number of federal Notices of Right to Cancel or both in a form that the consumer could keep; (d) in which Capital One provided an instruction that the "primary closing documents" were the HUD-1 and the note; and (d) the loan was closed on or after a date three years prior to the filing of this action.

62.    Class B consists of (a) all natural persons with Illinois, Indiana and Michigan residences who (b) entered into a residential mortgage credit transaction with Capital One (c) in which Capital One provided the H9 model rescission form when the transaction was not one in which the consumers' previous creditor was providing additional credit and (d) the loan was closed on or after a date three years prior to the filing of this action.

63.    The classes are so numerous that joinder is impracticable.  Plaintiffs do not know at present the exact size of the proposed classes or the identities of the proposed class members, since such information is in the sole possession and control of defendants.  But plaintiffs believe that each class encompasses several thousand individuals.  On information and belief, there are more than 50 members of each class.

64.    There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members.  The predominant common questions include whether:

(a) Capital One regularly closed loans in the manner in which it closed plaintiffs' loan, using the same procedures and instruction sheets;

(b) Capital One's manner of providing/not providing the required TILA disclosures constitutes clear and conspicuous disclosure under TILA; and whether

(c) providing notice of the federal right to cancel using the H9 model rescission form in transactions where Capital One is a new creditor violates TILA.

65.     Plaintiffs' claims are typical of the claims of the class members and do not conflict with them in any way.  All are based on the same factual and legal theories.

66.     Plaintiffs will fairly and adequately represent the interests of the class members.  They are committed to the vigorous prosecution of the class claims, and they have retained counsel experienced in the prosecution of TILA cases and class actions.

67.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.  A class action concerning the issues in this case does not create any problems of manageability.

68.     In the alternative, defendants have acted or refused to act on grounds generally applicable to the classes, thereby making appropriate the Court's rendering of corresponding declaratory relief with respect to each class as a whole.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

a.     A declaration that class members have the right and the option to rescind, should they choose to exercise that right upon receiving proper notice;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

### COUNT III – CIVIL RIGHTS ACT

69.     Plaintiffs incorporate paragraphs 1-42.  This count is against defendant Capital One.

70.     In violation of 42 U.S.C. Sect. 1981, Capital One purposefully discriminated against plaintiffs because of their race in the manner set forth above.

Alternatively, Capital One was aware of the adverse, discriminatory effects of its practices on plaintiffs and disregarded that knowledge in the pursuit of profits.

WHEREFORE, plaintiffs request that the Court enter judgment for:

        a.      Actual, punitive and other appropriate damages;

        b.      Injunctive relief;

        c.      Attorney's fees and costs; and

        d.      Such other or further relief as the Court deems appropriate.

### COUNT IV – FAIR HOUSING ACT

71.      Plaintiffs incorporate paragraphs 1-42.  This count is against defendant Capital One.

72.      Capital One's targeting of plaintiffs on account of their race and/or ethnicity for a high cost loan violated the FHA, 42 U.S.C. Sect. 3605.  Alternatively, Capital One's marketing and loan origination practices had an adverse, discriminatory effect on plaintiffs due to their race and/or ethnicity.

WHEREFORE, plaintiffs request that the Court enter judgment for:

        a.      Actual, punitive and other appropriate damages;

        b.      Injunctive relief;

        c.      Attorney's fees and costs; and

        d.      Such other or further relief as the Court deems appropriate.

### COUNT V – EQUAL CREDIT OPPORTUNITY ACT

73.      Plaintiffs incorporate paragraphs 1-42.  This count is against defendant Capital One.

74.    Capital One's targeting of plaintiffs on account of their race and/or ethnicity for a high cost loan violated the ECOA, 15 U.S.C. Sect. 1691.  Alternatively, Capital One's marketing and loan origination practices had an adverse, discriminatory effect on plaintiffs due to their race and/or ethnicity.

WHEREFORE, plaintiffs request that the Court enter judgment for:

a.    Actual, punitive and other appropriate damages;

b.    Injunctive relief;

c.    Attorney's fees and costs; and

d.    Such other or further relief as the Court deems appropriate.

Respectfully submitted,

s/Al Hofeld, Jr.
Al Hofeld, Jr.

Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and The Social Justice Project,
208 S. LaSalle Street, Suite #1650
Chicago, Illinois  60604
Phone - (312) 345-1004
Fax - (312) 346-3242
al@alhofeldlaw.com

**JURY DEMAND**

Plaintiffs demand trial by jury.

s/Al Hofeld, Jr.
Al Hofeld, Jr.

16

## <u>NOTICE OF LIEN</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

<u>s/Al Hofeld, Jr.</u>
Al Hofeld, Jr.


Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and The Social Justice Project,
208 S. LaSalle Street, Suite #1650
Chicago, Illinois 60604
Phone - (312) 345-1004
Fax – (312) 346-3242
<u>al@alhofeldlaw.com</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2008, I electronically filed the foregoing Amended Complaint with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Stewart Theodore Kusper (stewart.kusper@kattenlaw.com)

Linda Beth Dubnow (ldubnow@mcguirewoods.com)

BeLinda I. Mathie (belinda.mathie@kattenlaw.com,ecfdocket@kattenlaw.com)

Daniel Philip Bubar  (dbubar@mcguirewoods.com)


s/Al Hofeld, Jr.

1

# EXHIBIT A

**Capital One Home Loans, LLC**
7311 West 132nd Street, Suite 300
Overland Park, Kansas 66213
Phone #:800-718-4488 Fax #:888-900-3456

Iveliase G. Rodriguez and Wilfredo Rodriguez
4618 W Dickens Avenue
Chicago, IL 60639

RE: INITIAL DISCLOSURES

Enclosed are the initial disclosures for your loan with Capital One Home Loans, LLC. Please keep these documents for your records.

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR APPLYING FOR A MORTGAGE**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who applies for or obtains a mortgage account.

**What this means for you:** When you apply for a mortgage, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

Thank you and if you should have any questions, please contact me at this toll free number: 1-888-718-4488, or  ben.jacobs@capitalonehomeloans.com

Sincerely,

*Ben Jacobs*
Loan Consultant

Encl:
FACTA Notice To Home Loan Applicant
Privacy Statement
Truth-In-Lending
Good Faith Estimate
Transfer of Servicing Disclosure
Right to Receive Appraisal

Consumer Handbook on Adjustable Rate
Mortgages attached.  Please read.

ARM Disclosure

# EXHIBIT B

Doc# 0604721063 fee $84.00
Date: 02/10/2006 12:53 PM Pg: 1 of 28
Cook County Recorder of Deeds
RHSP FEE $10.00 Applied

Prepared By:
Jenny Schranz
7311 W. 132nd Street Ste 300
Overland Park, KS 66213

————— [Space Above This Line For Recording Data] —————

# MORTGAGE

MIN   1003932-2006001231-0

296047108
Recording Requested by &
When Recorded Return To:
US Recordings, Inc.
2925 Country Drive Ste 201
St. Paul, MN 55117

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated     January 18, 2006
together with all Riders to this document.
(B) "Borrower" is Ivelisse Rodriguez and Wilfredo Rodriguez, Wife & Husband,
As Joint Tenants

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

2006001231                              2006001231                          0
ILLINOIS – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3014  1/01

Page 1 of 15

VMP MORTGAGE FORMS

## COOK COUNTY RECORDER OF DEEDS DISCLAIMER

While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD does not guarantee the accuracy of any of the information contained herein, including, but not limited to, database information and document images. CCRD also does not guarantee the legality of the documents and database information contained herein and accepts no liability for any damages incurred, whether directly, indirectly, incidental, punitive or consequential, as a result of any errors, omissions or discrepancies in any information published on this website or any use of this website, including, but not limited to use of on-line forms or affidavits.

Copyright © 2007 Cook County Recorder of Deeds. All rights reserved.
Please Call 312-603-5050 if you have general information questions about the Cook County Recorder of Deeds office. At the end of the message a live operator will assist you.

# EXHIBIT C

# THE ATTACHED DOCUMENTS MUST BE NOTARIZED:

- Deed of Trust/Mortgage
- Signature Affidavit(s)
- Affidavit as to Real Estate
- Compliance Agreement
- Correction Agreement
- Other: _____
- Other: _____
- Other: _____

# INSTRUCTIONS TO THE NOTARY PUBLIC:

- Please DO NOT sign as a witness.
- Please be sure your stamp and/or seal are legible and do not cover any type on the document being notarized.
- Complete the Notary Public Compliance Information document.

# EXHIBIT D

# <u>YOUR COPIES</u>

Please retain the following documents inside your Capital
One Home Loans folder for your records:
- Settlement Statement
- Note

These are the primary documents of your closing package.
You may need to reference these documents for future
refinance or purchase transactions.

If you would like to view or print copies of your complete
closing package, please visit our website at
**www.capitalonehomeloans.com** and follow these
instructions:

- In the right hand corner of the home page, click on
  "Log In".
- Enter your loan number and password. Your 10 digit
  loan number can be found on the first page of the
  Settlement Statement under item number 7. The
  password is the last 6 digits of your social security
  number.
- Click on "Log In" again.
- Follow the prompts to download and print your
  closing documents.

# EXHIBIT E

# THE NOTE WILL BE FORWARDED BY YOUR LOAN OFFICER

## *Capital One Settlement Services, LLC*

THANK YOU!

# EXHIBIT F

Case 1:08-cv-01723    Document 19-2    Filed 05/12/2008    Page 12 of 29



**Home Loans**

| Home Loans Home | Home Equity | Debt Consolidation | New Home Purchase | Refinance | Our Loan Consultants |

## Our customers lower their payments an average of $140 a month with

View home loan application status

**Calculators**
What's my payment?
How much can I save?
View all calculators

### Home Equity
Cash for any reason
$0 closing cost options*
Close in 10 days or less**

### Debt Consolidation
Reduce high interest debt
Lower your monthly payments by $140†

### Home Purchase
Dedicated loan consultants
No Hassle loan process
No origination fee options

### Refinance
Lock in a low rate
Customized loan solutions
Less than perfect credit

Learn about home equity loans

Learn about debt consolidation

Learn about new home purchase loans

Learn about refinancing

### Testimonials
Jeff made the whole loan process very easy. He was very well informed...
—Travis S.
Read more testimonials

### No Hassle loan process
Close your loan in ten days or less

### How can we help?
Contact us
About Capital One Home Loans

* $0 closing cost option not available with lowest rate and requires a minimum loan amount of $90,000 with a $25,000 minimum draw size for a Home Equity Line of Credit and minimum open amount of $50,000 for a Home Equity Loan.

* Annual percentage rate effective as of 2/18/2008 and subject to change at any time. APR is based on a good credit history, $200,000 loan amount, 80% combined loan-to-value ratio, and a 30 year fixed-rate first lien mortgage. Monthly payment for this example is $1,170. Additional terms and restrictions apply.

** 10-day claim calculated from receipt of completed application and all required supporting documentation.

† Lower average monthly payment claim based on first month's payment on non-purchase loans, exclusive of closing costs, that closed between 07/01/2007 and 12/31/2007. Actual savings vary. In some cases, refinancing to pay off existing debt may extend the term of the debt, possibly resulting in higher overall costs.

‡ Rate locks vary by profile selected and are obtainable after underwriting and approval of the loan.

| CapitalOne.com | Corporate Information | Legal | This site provides information about and access to financial services offered by |
| Home | About Capital One | Privacy | the Capital One family of companies, including Capital One Bank (USA), N.A. |
| Credit Cards | Investors | Security | and Capital One, N.A., members FDIC. |
| Auto Loans | Press | Terms and Conditions | ©2007 Capital One Services, Inc. |
| Direct Banking | Careers | | Capital One is a federally registered trademark of Capital One Services, Inc. |
| Home Loans | Financial Education | Other | |
| Healthcare Finance | | Capital One Canada | Capital One does not transact business, endorse, nor guarantee and is not liable for third |
| Personal Loans | | Capital One UK | party products, services, educational tools, or other information available through |
| Small Business | | Site Map | this site. Read additional disclosures. |
| Commercial | | | |

Capital One Home

Find Products    Account Access    Customer Service

Enter your five-digit ZIP Code

Search

### Home Loans

| Home Loans Home || Home Equity || Debt Consolidation || New Home Purchase || Refinance || Our Loan Consultants |

## Customer Login

To enter our data system, please enter your loan number and password in the fields below. If you do not know this information, call (888) 497-6278 or e-mail your loan consultant.

Loan Number
12006001231

Password



**Questions?**
Call toll-free at (888) 497-6278

**Privacy and Security**
This site uses Secure Sockets Layer (SSL) encryption for all customer data and has been authenticated by Verisign.



Any information you provide will remain safe, secure and confidential.

Review our privacy policy to learn how we protect your personal information

| CapitalOne.com | Corporate Information | Legal | This site provides information about and access to financial services offered by the Capital One family of companies, including Capital One Bank (USA), N.A. and Capital One, N.A., members FDIC |
|---|---|---|---|
| Home | About Capital One | Privacy | ©2007 Capital One Services, Inc. |
| Credit Cards | Investors | Security | Capital One is a federally registered trademark of Capital One Services, Inc. |
| Auto Loans | Press | Terms and Conditions | |
| Direct Banking | Careers | | Capital One does not provide, endorse, nor guarantee and is not liable for third-party products, services, educational tools, or other information available through this site. Read additional disclosures |
| Home Loans | Financial Education | Other | |
| Healthcare Finance | | Capital One Canada | |
| Prepaid Loans | | Capital One UK | |
| Small Business | | Site Map | |
| Commercial | | | |

## Customer Login

. . . .

Login not available pas: 90 days from date of disbursement.

Loan Number  2008001231

Password

# EXHIBIT G

C. Property Location

4608 N. Dickens Avenue
Chicago, IL 60639

G. Settlement Agent

Capital One Settlement Services, LLC

Place of Settlement

12500 Foster, Suite 297
Overland Park, KS 66213

Settlement Date
closed:
01/18/06
disbursed:
01/23/06

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 8,527.45 | 403. | |
| 104. | | 404. | |
| 105.    Existing Liens | 341,965.58 | 406. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes            to | | 406. City/town taxes            to | |
| 107. County taxes            to | | 407. County taxes            to | |
| 108. Assessments            to | | 408. Assessments            to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | 350,493.03 | 420. Gross Amount Due To Seller | |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 351,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206.    Costs Paid by Seller | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes            to | | 510. City/town taxes            to | |
| 211. County taxes            to | | 511. County taxes            to | |
| 212. Assessments            to | | 512. Assessments            to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 351,000.00 | 520. Total Reduction Amount Due Seller | |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross Amount due from borrower (line 120) | 350,493.03 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | ( 351,000.00) | 602. Less reductions in amt. due seller (line 520) | ( ) |
| 303. Cash ☐ From ☒ To Borrower | 506.97 | 603. Cash ☐ To ☐ From Seller | 0.00 |

| 809. | | | | | |
|---|---|---|---|---|---|
| 810. | | | | | |
| 811. | Title of Loan Fee | to Capital One Home Loans | | | |
| 812. | Tax Service Fee | to Capital One Home Loans | | 300.00 | |
| 813. | Underwriting | to Capital One Home Loans | | 295.00 | |
| 814. | Processing Fee | to Capital One Home Loans | | 295.00 | |
| 815. | Doc Prep | to Capital One Home Loans | | 10.00 | |
| 816. | Initial Flood Determination | to First American Flood Data Services | | | |
| 817. | | | | | |

| 900. Items Required By Lender To Be Paid In Advance | | | | | 778.84 | |
|---|---|---|---|---|---|---|
| 901. Interest from 01/23/06 to 02/01/06 @$ 06.5383 /day | | | | | | |
| 902. Mortgage Insurance Premium for months to | | | | | | |
| 903. Hazard Insurance Premium for 1 year to LIBERTY INSURANCE AGENCY | | | | | 495.00 | |
| 904. years to | | | | | | |
| 905. | | | | | | |

| 1000. Reserves Deposited With Lender | | | | |
|---|---|---|---|---|
| 1001. Hazard insurance | 10 months@$ | 123.75 per month | 1,237.50 | |
| 1002. Mortgage insurance | months@$ | per month | | |
| 1003. City property taxes | months@$ | per month | | |
| 1004. County property taxes | 7 months@$ | 167.90 per month | 1,175.30 | |
| 1005. Annual assessments | months@$ | per month | | |
| 1006. | months@$ | per month | | |
| 1007. | months@$ | per month | | |
| 1008. | months@$ | per month | | |
| 1009. Aggregate adjustment | | | - 371.19 | |

| 1100. Title Charges | | | | |
|---|---|---|---|---|
| 1101. Settlement or closing fee | to | Capital One Settlement Services | 275.00 | |
| 1102. Abstract or title search | to | | | |
| 1103. Title examination | to | | | |
| 1104. Title insurance binder | to | Land America OneStop | 30.00 | |
| 1105. Document preparation | to | | | |
| 1106. Notary fees | to | | | |
| 1107. Attorney's fees | to | | | |
| (includes above items numbers: | | | | |
| 1108. Title insurance | to | Land America OneStop | 972.00 | |
| (includes above items numbers: | | | | |
| 1109. Lender's coverage | $ | 351,000.00 premium: 972.00 | | |
| 1110. Owner's coverage | $ | | | |
| 1111. Payoff Delivery Fee | | CAPITAL ONE SETTLEMENT SERVICES | 15.00 | |
| 1112. Express Mail Charges | | Capital One Settlement Services | 50.00 | |
| 1113. | | | | |

| 1200. Government Recording and Transfer Charges | | | | |
|---|---|---|---|---|
| 1201. Recording fees: Deed $ ; Mortgage$ 120.50 ; Releases $ 40.50 | | | 161.00 | |
| 1202. City/county tax/stamps: Deed $ ; Mortgage $ | | | | |
| 1203. State tax/stamps: Deed $ ; Mortgage $ | | | | |
| 1204. Assignment Mortgage/DOT | Capital One Home Loans | | 25.00 | |
| 1205. | | | | |

| 1300. Additional Settlement Charges | | | | |
|---|---|---|---|---|
| 1301. Survey to | | | | |
| 1302. Pest inspection to | | | | |
| 1303. | | | | |
| 1304. | | | | |
| 1305. Funding Fee | Capital One Home Loans | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | 8,527.45 | |

Ivelisse Rodriguez

Wilfredo Rodriguez

# EXHIBIT H

## NOTICE OF RIGHT TO CANCEL

4618 W. Dickens Avenue
Chicago, IL 60639

—————————————————————
(Identification of Transaction)

LOAN NO.     2006001231

**Your Right to Cancel**
You are entering into a transaction that will result in a mortgage, lien or security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of this new transaction, which is _____ 01/18/2006 _____ ; or
(2) the date you received your new Truth in Lending disclosures; or
(3) the date you received this notice of your right to cancel.

If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit. We must also return any money you have given to us or anyone else in connection with this new transaction.

You may keep any money we have given you in this new transaction until we have done the things mentioned above, but you must then offer to return the money at the address below. If we do not take possession of the money within 20 calendar days of your offer, you may keep it without further obligation.

**How to Cancel**
If you decide to cancel this new transaction, you may do so by notifying us in writing, at

Capital One Home Loans, LLC
7311 W. 132nd Street Ste 300
Overland Park, KS 66213

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of _____ 01/21/2006 _____
(date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____        _____
Consumer's Signature                                     Date

I Received Notice of Right to Cancel in Duplicate this Date _____ January 18 _____ , _____ 2006

X _~Ivelisse Rodriguez~_   1/18/06        X _~Wilfredo Rodriguez~_   1/18/06
(Signature)  Ivelisse Rodriguez        (Date)        Wilfredo Rodriguez        (Date)

(SC/CNRCREFI**//1098(10-06)-L

# EXHIBIT I



01/19/2006 01:22 FAX          CAPITALONE SETTLEMENT                    @ 007/012

Loan Number:9606001231

## SCHEDULE "A"
## PREPAYMENT PENALTY NOTE RIDER

THIS PREPAYMENT PENALTY NOTE RIDER ("Rider") is made this        18th day of
January          2006 and is incorporated into and shall be deemed to amend and
supplement a Note in the amount of $    353,000.00      dated an even date herewith, executed by
the undersigned ("Borrower") to ("Lender") secured by a Mortgage, Deed of Trust or Deed to Secure
Debt ("Security Instrument") dated an even date herewith.

In addition to the agreements and provisions made in said Note, both Borrower and Lender further
agree as follows:

Any provisions of said Note, or other such instruments executed in connection with said indebtedness
which are inconsistent with the provisions of this Rider, including, but not limited to, monthly
payments of principal and interest, maturity date and notice to the Borrower are hereby amended or
negated to the extent necessary to conform such instruments to the provisions of this Rider.

The final Note payment shall be due and payable on        February 1      .    2036

The following notice is given to the Borrower as part of this loan contract pursuant to Federal
regulations:

PROVISIONS FOR PREPAYMENT PENALTY:

      Consecutive monthly principal and interest installments of $    2,632.21  first due on
the     1st    day of      March          .     2006  Such payments to continue until
maturity when the remaining principal balance and any unpaid interest thereon shall be
due and payable.  In the event full prepayment is made within three (3) years of the date
of the first monthly payment a prepayment penalty in the amount of    six (6) months interest on
the remaining principal balance will be assessed.

IN WITNESS WHEREOF, Borrower has executed this Prepayment Penalty Note Rider.

_____          _____
Twillime Rodriguez                   Wilfredo Rodriguez

                                     Prepayment Penalty (PPy)

# EXHIBIT J

# NOTICE OF ASSIGNMENT, SALE, OR TRANSFER
# OF SERVICING RIGHTS *

In accordance with Section 6 of Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605) you are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, has been assigned, sold or transferred from  Capital One Home Loans, LLC
(Transferor) to  HSBC Mortgage Services                                     (Transferee).

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments, other than terms directly related to the servicing of your loan.

The effective date of this notice is      02/15/06                                     .

TRANSFEROR SERVICER - The name of an individual employed by Capital One Home Loans, LLC

or a department where you may direct inquiries related to the transfer of the servicing rights of your mortgage is THE CUSTOMER SERVICE DEPARTMENT and the toll-free or collect call telephone number is   (888) 718-4489                    .

TRANSFEREE SERVICER - The name of an individual employed by HSBC Mortgage Services

new servicer or a department where you may direct inquiries related to the transfer of the servicing rights of your mortgage loan is CUSTOMER SERVICE DEPARTMENT and the toll-free or collect call telephone number is   (800) 333 7023                    .

The date on which  Capital One Home Loans, LLC
the transferor servicer will stop accepting payments on your mortgage loan is   03/02/06
and the date that    HSBC Mortgage Services
the transferee, will begin accepting your payments is   03/03/06      .

The transfer of servicing rights may affect the terms of or the continued availability of mortgage life or disability insurance or any other type of option insurance in the following manner:
_____
_____

You should take the following action to maintain coverage:
_____
_____

You should also be aware of the following information, which is set out in Section 6 of RESPA:

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by the original mortgage lender in a timely fashion may not be treated by the new loan servicer as late, and a late fee may not be imposed on you. If a mortgage loan servicer receives a qualified written request (as defined in Section 6 of RESPA) from a borrower for information concerning the servicing of the loan, the servicer must provide the borrower with a written response within 20 days of receipt of the request. Not later than 60 days after receipt of the request, the servicer must make any appropriate corrections to the borrower's account, and must provide the borrower with a written clarification regarding any dispute. During this 60-day period, the servicer may not provide information concerning an overdue payment to a consumer reporting agency.

Whoever fails to comply with the requirements set out in Section 6 of RESPA shall be liable to individuals for actual damages and, in the case of a pattern of noncompliance, shall be liable for an additional amount not to exceed $1,000 per class member, not to exceed $500,000 or 1% of the servicer's net worth, whichever is less. The court may also award attorneys fees. A transferor or transferee of servicing shall not be liable under this section if, within 60 days of discovering an error, and before the commencement of an action and receipt of written notice of the error from the borrower, the servicer notifies the borrower of the error and makes whatever adjustment is necessary.

_____

* (This notice must be delivered by the transferor servicer no less than 15 days before the effective date of the transfer of servicing rights, and must be sent by the transferee servicer no more than 15 days after the transfer. Delivery means placing the notice in the mail, first class postage prepaid, prior to 15 days before the effective date of transfer or prior to 15 days after the effective date of transfer. However, this notice may be sent within 30 days of the effective date of transfer of servicing rights if assignment, sale or transfer of the contract for servicing the loan for cause, commencement of proceedings for bankruptcy of the servicer, or commencement of proceedings by the Federal Deposit Insurance Corporation (FDIC) or the Resolution Trust Corporation (RTC) for conservatorship or receivership of the servicer, or an entity by which the servicer is owned or controlled.)

# EXHIBIT K

Date:    February 15, 2006

To:    Ivelisse Rodriguez
       Wilfredo Rodriguez
       4618 W. Dickens Avenue
       Chicago          IL    60639

                                        Re:    4618 W. Dickens Avenue
                                               Chicago, IL 60639

Dear Borrower(s),

   We wish to advise you that effective ___March 3, 2006_____ , the mortgage loan on your property referenced above was sold to    HSBC Mortgage Services
_____ . This company has acquired your mortgage in a normal business transaction that does not affect the term or conditions of your loan.

          All future mortgage payments should be mailed to:

                    HSBC Mortgage Services

                    636 Grand Regency Boulevard
                    Brandon, FL 33510

          All telephone inquiries should be directed to:

                    (800) 333-7023

   You will soon receive instructions from    HSBC Mortgage Services
_____ regarding the handling of future payments. Until then, include with your payment your existing loan number on your check and/or use the payment coupons enclosed.

   In addition, please find enclosed a Notice of Assignment, Sale, or Transfer of Servicing Rights* for you to retain for your loan document file.

   Thank you for your consideration. We hope that this transfer has not caused any confusion or inconvenience for you. We appreciate your business. If we can be of any service to you in the future with your mortgage needs please contact our office and we will be happy to discuss them with you.

Sincerely,


Post Closing Department

# EXHIBIT L

**LAW OFFICES OF AL HOFELD, JR., LLC**
**208 S. LaSalle Street, Suite #1650**
**Chicago, Illinois 60604**
**Phone - 312-345-1004**
**Fax - 312-346-3242 (FAX)**
**Email: al@alhofeldlaw.com**

March 22, 2008

**BY REGULAR MAIL**

Capital One Home Loans, LLC
7311 West 132nd Street, Suite 300
Overland Park, Kansas, 66213

HSBC Mortgage Services, Inc.
C/o registered agent,
CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, IL 60604

Mortgage Electronic Registration Systems, Inc.
C/o registered agent,
CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, IL 60604

> Re:   Notice of TLA rescission, claim and lien for Ivelisse and Wilfredo
>       Rodriguez, 4618 West Dickens Avenue, Chicago, Illinois, 60439;
>       loan of January 18, 2006, originated by Capital One Home Loans

Ladies/Gentlemen:

The above clients hereby give notice that they rescind the above loan for noncompliance with the Truth in Lending Act.

Please be further advised that we have been retained by the above client to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards.

If you claim that the owner of the loan is other than yourself, please identify the owner pursuant to your obligation under 15 U.S.C. §1641(f)(2).

Finally, please provide a complete account history so that we may compute the appropriate tender amount.

1

Sincerely,

Al Hofeld, Jr.

Cc:   clients

2

I, Al Hofeld, Jr., under penalty of perjury, as provided for by 28 U.S.C. §1746, certify that I had a copy of the foregoing document sent to the listed addressees on March 22, 2008.

_____
Al Hofeld, Jr

3